IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL FITZPATRICK )
) No. 15-926
v.

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for supplemental social security income disability benefits, based on various physical impairments. Those impairments include human immunodeficiency virus and joint pain. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). The Appeals Council vacated the ALJ's decision, and remanded for further review. After a supplemental hearing, the ALJ denied Plaintiff's claim. The Appeals Council denied his request for review. This appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff contends that the ALJ failed, at step two, when deciding that Plaintiff's weight loss is not severe. At step two, however, the ALJ determined that Plaintiff had severe impairments, including back and joint pain and HIV-related impairments. So long as a claim is not denied at step two, however, any alleged error at that step is harmless. Bartmas v. Colvin, 2016 U.S. Dist. LEXIS 75410 (W.D. Pa. June 9, 2016). Accordingly, I reject Plaintiff's argument on these grounds.

2

Next, Plaintiff argues that the ALJ failed, at step three, in assessing Listing 14.08H, which addresses HIV Wasting Syndrome. In order to meet that Listing, a claimaint must demonstrate, inter alia, chronic diarrhea with two or more loose stools daily lasting for one month or longer. As the ALJ stated, the records reflected that Plaintiff suffered such incidents once a week, and not twice or more per day. Plaintiff further suggests that he meets Listing 14.08K, a "catchall" listing that requires, inter alia, that the claimant has limitations in activities of daily living. The ALJ found that Plaintiff was not so limited, and Plaintiff does not challenge that finding. With respect to Listing 5.08, which addresses weight loss due to a digestive disorder, the Listing requires a BMI of less than 17.50 on at least two evaluations, at least sixty days apart within a six month period. As Plaintiff acknowledges, he does not meet the BMI requirement. In sum, the ALJ did not err in his consideration of the Listings.

Next, Plaintiff argues that the ALJ dealt improperly with the opinion of Dr. Veronica Pratt, a consulting examiner. Plaintiff contends that the ALJ gave significant weight to Dr. Pratt's opinion, but did not include mention of chronic fatigue or diarrhea or incontinence in his hypothetical question to the vocational expert ("VE"). The ALJ, however, accepted parts of Dr. Pratt's opinion in full; the remainder, he stated, was given little weight as it was inconsistent with Dr. Pratt's own physical examinations. An ALJ is entitled to reject information that is internally inconsistent. Rebosky v. Colvin, 2014 U.S. Dist. LEXIS 22533 (W.D. Pa. Feb. 24, 2014). The ALJ's hypothetical to the VE included the entirety of the RFC, which in turn included those parts of Dr. Pratt's opinions accepted by the ALJ. Those opinions accounted for Plaintiff's chronic fatigue, and the ALJ analyzed Plaintiff's need for bathroom breaks in accordance with the medical record. The ALJ's approach and explanation are adequate.

Finally, Plaintiff challenges the ALJ's consideration of the opinion of Dr. Peter Veldekamp, a treating source. The ALJ gave little weight to Dr. Veldekamp's opinion that Plaintiff was temporarily disabled during a particular time frame, because it was a conclusory opinion on a matter reserved for the Commissioner, and because it was prepared for a Pennsylvania Department of Public Welfare Employability Assessment Form. The reason for disability given is "joint pain; referred to specialist." It is clear that an ALJ need not accept a conclusory statement of disability from a treating physician. Miller v. Colvin, 2015 U.S. Dist. LEXIS 27641 (M.D. Pa. Mar. 6, 2015). An ALJ is not required to accept such a statement, which "is not a medical source opinion for purposes of Plaintiff's Social Security application...." Keck v. Colvin, 2014 U.S. Dist. LEXIS 134381 (M.D. Pa. Sept. 24, 2014). I find no error in the ALJ's approach to Dr. Veldekamp.

## CONCLUSION

While I empathize with Plaintiff's situation, applicable standards constrain my review of the ALJ's decision. According to those standards, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted.

An appropriate Order follows.

## ORDER

AND NOW, this **6th** day of **October**, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

_Donetta W. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court

4